UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

In re:

**VENTURA INDUSTRIES, LLC,**

Debtor.

Chapter 11

Case No. 11-13687

**MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Ventura Industries, LLC ("Ventura" or the "Debtor"), the debtor and debtor in possession in the above-captioned Chapter 11 case, requests that this Court enter an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the above-captioned case with the Chapter 11 cases of Donson Group, Ltd. ("Donson") and Kingsbury Corporation ("Kingsbury") (collectively with the Debtor, the "Debtors"). In further support of this motion (the "Motion"), the Debtor states as follows:

**JURISDICTION, VENUE, AND STATUTORY BASIS**

1. The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for and rules relating to the relief sought herein are 11 U.S.C. §§ 105(a) and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

2. On September 30, 2011 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's Chapter 11 case, and no official committees have been appointed.

3. Additional background information regarding the Debtor and the relief sought by this Motion is set forth in the Affidavit of Iris A. Mitropoulis in Support of First Day Motions, which was filed on the Petition Date and which is incorporated by reference herein.

## REQUEST FOR RELIEF

4. By this Motion, the Debtor requests entry of an order providing for the joint administration of the Debtors' Chapter 11 cases for procedural purposes only.

5. Rule 1015 of the Federal Rules of Bankruptcy Procedure provides that joint administration may be appropriate when two or more related debtor entities have filed for protection under the Bankruptcy Code. *See* Fed. R. Bankr. P. 1015. Bankruptcy Rule 1015(b) states, in relevant part, "If a joint petition or two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).

6. Joint administration is a procedural tool that promotes the fair and efficient administration of related cases of affiliated debtors. *See, e.g.,* In re Blair, 226 B.R. 502, 505 (Bankr. D. Me. 1998) (stating that the purpose of joint administration is to make administration easier and less costly because it avoids the duplication of effort); In re Brookhollow Assocs., 435 F. Supp. 763, 766 (D. Mass. 1977), *aff'd*, 575 F.2d 1003 (1st Cir. 1978) (stating that joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"). The Advisory Committee Note to Rule 1015 states:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration,

2

including the list of filed claims, the combining of notices to creditors of the different estates and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

7. Pursuant to Bankruptcy Rule 1015, joint administration is warranted in the Debtors' cases because:

   a. The Debtors are independent but related entities. The Debtors share certain common shareholders, members, officers, directors and managers.

   b. The Debtors consist of two holding companies (Ventura and Donson) and one operating company (Kingsbury). Ventura owns 100% of the stock of Donson, and Donson in turn owns 100% of the stock of Kingsbury. The holding companies guaranteed certain of the operating company's debts. Accordingly, the creditors of the holding companies will be interested in the developments in the operating company's case and vice versa.

   c. Joint administration will avoid otherwise unnecessary and expensive duplication associated with preparing and serving the creditors with multiple sets of differently captioned, but otherwise identical, pleadings, which may also be confusing to creditors.

8. In this regard, the Debtor requests that the caption of each of the Debtors' Chapter 11 cases be modified to reflect the joint administration of these cases as follows:

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **In re:** | |
| **KINGSBURY CORPORATION,** | Bk. No. 11-13671-JMD |
| **DONSON GROUP, LTD.,** | Bk. No. 11-13687-JMD |
| **VENTURA INDUSTRIES, LLC** | Bk. No. 11-    - JMD |
| | **Jointly Administered** |
| **Debtors.** | |

9. The Debtor submits that use of this simplified caption will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

3

10. The Debtor further seeks the Court's direction that a notation substantially similar to that below be made on the case dockets of each of the Debtors' Chapter 11 cases to reflect the joint administration of these cases:

> Orders dated October ___, 2011 have been entered in the cases of VENTURA INDUSTRIES, LLC, DONSON GROUP, LTD., and KINGSBURY CORPORATION providing for the joint administration of the Debtors' cases. All docket entries are maintained on the docket of KINGSBURY CORPORATION, Case No. 11-13671.

11. Originals of this Motion have been filed in each of the Debtors' Chapter 11 cases and the Debtors have submitted duplicate orders for docketing in each Chapter 11 case.

12. Joint administration of the Debtors' cases, including the use of a single pleadings docket, the combining of notices to creditors of different estates, and the joint handling of purely administrative matters, will aid in expediting the cases and render the process less costly. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases, since the relief is solely for administrative convenience and will not affect any substantive rights. In addition, supervision of the administrative aspects of these cases by this Court and the Office of the United States Trustee will be simplified by joint administration.

13. No substantive consolidation is sought by this motion.

### NOTICE

14. Notice of the hearing on this Motion was served on the following parties on the date on which it was filed by e-mail or facsimile: (1) the United States Trustee; (2) the Debtor's secured creditors, or, if applicable, the lawyers representing such creditors; (3) the non-insider holders of the twenty largest unsecured claims against the Debtor or, if applicable, the lawyers representing such holders; and (4) applicable federal and state taxing authorities.

WHEREFORE, the Debtor requests that this Court enter an order: (a) providing for the joint administration of the Debtors' separate Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and (b) granting such further relief as is necessary or appropriate.

Dated: September 30, 2011                VENTURA INDUSTRIES, LLC

By its proposed attorneys:

 /s/ Jennifer Rood
Jennifer Rood, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
Jefferson Mill Building
670 North Commercial Street, Suite 108
PO Box 1120
Manchester, NH 03105-1120
(603) 623-8700

and

 /s/ Robert J. Keach, Esq.
Robert J. Keach, Esq.
Jessica A. Lewis, Esq.
Máire B. Corcoran, Esq.
BERNSTEIN, SHUR, SAWYER & NELSON
100 Middle St., PO Box 9729
Portland, Maine 04104-5029
(207) 774-1200